UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

------------------------------------- x
                                      :
FERDINANDO MUOIO,                     :
                                      :
           Plaintiff,                 :   Civil Action No. _____
                                      :
    v.                                :
                                      :   January 8, 2013
COSTCO WHOLESALE CORPORATION.         :
                                      :
           Defendants.                :
                                      :
------------------------------------- x

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441, 1446, defendant Costco Wholesale Corporation ("Defendant") hereby removes the above-entitled action to this Court based on the following grounds:

1.      On or about December 13, 2013, Ferdinando Muoio ("Muoio" or "Plaintiff") commenced a civil action against Defendant in the Hartford Judicial District of the State of Connecticut Superior Court, *Ferdinando Muoio v. Costco Wholesale Corporation*, case number not specified, return date January 8, 2013 (the "State Court Action"), alleging violations of Conn. Gen. Stat. § 31-290a, Wrongful Discharge and Wrongful Termination, Breach of Good Faith Covenant and Fair Dealing concerning the alleged termination of his employment by Costco on September 28, 2012.

2.      Defendant received service of process of the State Court Action through their registered agent on or about December 20, 2012. This Notice of Removal is filed within thirty

15158171v.1

(30) days of receipt of service, and is therefore timely pursuant to 28 U.S.C. 1446(b). *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

    3.    The ground for removal is diversity of citizenship under 28 U.S.C. § 1332, in that:

        (a)    plaintiff Muoio is a citizen of the State of Connecticut; and

        (b)    defendant Costco Wholesale Corporation is a citizen of the State of Washington, in that it is a corporation existing under the laws of the State of Washington and has its principal place of business in the State of Washington.

Accordingly, this action is one in which none of the parties in interest properly joined and served as a defendant is a citizen of the state in which the action was brought. 28 U.S.C. § 1441(b).

    4.    Additionally, upon information and belief, the amount in controversy herein is in excess of $75,000.00, exclusive of interest and costs. That is because in the Complaint, Plaintiff alleges that the amount in controversy is more than $15,000.00 and he seeks (1) compensatory damages, damages for back pay, front pay, bonuses, personal days, lost benefits, damages for emotional distress, consequential damages, liquidated damages and punitive damages (Compl., Demand for Relief, at pg. 4). It does not appear to a legal certainty that Plaintiff cannot recover in excess of $75,000.00 on his cause of action. Because there is complete diversity of citizenship and because the amount in controversy exceeds $75,000.00, this Court has jurisdiction over the case under the provisions of 28 U.S.C. § 1441(b).

SEYFARTH SHAW LLP

By: s/ Lorie E. Almon
    Lorie E. Almon (ct 19089)
    Paul Galligan
    620 Eighth Avenue, 32nd Floor
    New York, New York 10018
    (212) 218-5500

lalmon@seyfarth.com
pgalligan@seyfarth.com

Attorneys for Defendant
Costco Wholesale Corporation

15158171v.1